MASCHOFF BRENNAN GILMORE & ISRAELSEN
Kirk R. Harris (UT Bar No. 10221)
*kharris@mabr.com*
1389 Center Drive, Suite 300
Park City, UT 84098
Telephone:   (435) 252-1360
Facsimile:   (435) 252-1361

Timothy Nielsen (UT Bar No. 17424)
*tnielsen@mabr.com*
111 S. Main Street, Suite 600
Salt Lake City, UT 84111
Telephone:   (801) 297-1850
Facsimile:   (435) 252-1361

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BTL INDUSTRIES, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br><br>Dream Body LLC, Aly Coleman Beauty LLC, Alyson Coleman dba The Body Shapers Academy,<br><br>   Defendants. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Case No. 2:23-cv-767<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BTL Industries, Inc. ("BTL") files this Complaint for patent infringement against Dream Body LLC ("Dream Body"), Aly Coleman Beauty LLC ("Aly Coleman Beauty"), and Alyson Coleman (collectively, "Defendants"), and alleges as follows:

## NATURE OF THIS ACTION

1. This is a civil action brought by BTL arising out of Defendants' past and present patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

## PARTIES

2. BTL is a Delaware corporation with a principal place of business at 362 Elm Street, Marlborough, Massachusetts 01752.

3. On information and belief, Dream Body is a Utah limited liability company with a principal place of business at 3361 N 850 W Pleasant View, UT 84414.

4. On information and belief, Aly Coleman Beauty is a Utah limited liability company with principal place of business at 3361 N 850 W Pleasant View, UT 84414.

5. On information and belief, Alyson Coleman is an individual residing at 3361 N 850 W Pleasant View, UT 84414. Further, on information and belief, Ms. Coleman is the principal and organizer of Dream Body and Aly Coleman Beauty, and is actively involved in managing and directing their business and activities. Further, on information and belief, Ms. Coleman operates a business under the name The Body Shapers Academy.[1]

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over BTL's claims arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* and pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a)–(b).

---

[1] *See* https://www.bodyshapersacademy.com (last accessed October 19, 2023). A PDF copy of the content available at this linked website as of the date last accessed is attached hereto as Exhibit A.

7. This Court has personal jurisdiction over Defendants because Defendants Dream Body and Aly Coleman Beauty are Utah limited liability companies, and Ms. Coleman resides in this district. Additionally, Defendants have committed acts of patent infringement in this district under 35 U.S.C. § 271(a), (b), or (c), and are subject to this Court's jurisdiction under 28 U.S.C. §1400(a).

8. Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because:

   (a) Defendants have purposefully established "minimum contacts" with the State of Utah; and

   (b) the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

9. Therefore, this Court has specific and general jurisdiction over Defendants.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1400 at least because each of Defendants is a resident of this District and is subject to personal jurisdiction in this District. Further, Defendants have committed acts of infringement in this judicial district and have regular and established places of business located within the district, for example Dream Body lists its Pleasant View, Utah address on its website and provides a map and pictures of the location.[2]

---

[2] https://www.dreambodydayspa.com/home/contact-location#h.vyquj9qr2z0 (last accessed October 19, 2023). A PDF copy of the content available at this linked website as of the date last accessed is attached hereto as Exhibit B.

## BACKGROUND

11.     BTL specializes in the innovation, development, and sale of equipment and treatments for the aesthetics industry in the United States. BTL and its affiliates have developed proprietary technology that uses high-intensity electromagnetic stimulation to tone and strengthen muscles in targeted areas. BTL applied its technology to develop a series of new and innovative FDA-cleared devices and developed protocols for using the technology for aesthetic therapies.

12.     The first such device that BTL developed was the EMSCULPT device, a standalone, non-invasive, FDA-cleared aesthetic body-contouring device. *See*, Exhibit C, attached hereto.

13.     BTL's EMSCULPT device created a new market in which it quickly became the innovative industry leader. Before BTL launched the EMSCULPT device in 2018, no other product used high-intensity, focused electromagnetic technology to tone and firm muscle for non-invasive aesthetic body contouring.

14.     The aesthetic industry has recognized BTL's innovation, hailing it as having taken "the aesthetics industry by storm"; praising BTL as being the first to apply high-intensity, focused electromagnetic energy technology for aesthetics; and lauding the EMSCULPT device as having "transformed treatment protocols." *See,* Exhibit D, attached hereto.

15.     BTL's EMSCULPT NEO device is FDA-cleared and uses high-intensity electromagnetic energy to induce powerful muscle contractions—unachievable through typical voluntary contractions—to contour an individual's physique. The EMSCULPT NEO device is currently cleared by the FDA as a non-invasive treatment for the abdomen, buttocks, arms,

calves and thighs. BTL markets and distributes its EMSCULPT NEO device to healthcare professionals and licenses these professionals to provide treatment services using the device.

16. The EMSCULPT NEO device has been a breakthrough development in the aesthetics industry, receiving plaudits from some of the industry's largest companies. For example, the EMSCULPT NEO device won Dermascope.com's Aesthetician's Choice Award in 2022 and Glamour magazine described the device as "revolutionary." *See,* Exhibit E, attached hereto.

## THE ASSERTED PATENT

17. On November 19, 2019, the United States Patent and Trademark Office (USPTO) duly and lawfully issued U.S. patent No. 10,478,634 (the "'634 patent"), entitled "Aesthetic Method of Biological Structure Treatment by Magnetic Field." *See,* Exhibit F, attached hereto. The '634 patent is exclusively licensed to BTL, and BTL possesses the exclusive right of recovery for any past, present, or future infringement of the '634 patent, including equitable relief and damages.

18. Upon information and belief, the Defendants have used, sold, offered to sell, and/or imported and continue to use, sell, offer for sale, and/or import electromagnetic muscle stimulation ("EMS") devices (the "Accused Device(s)") and treatment services that infringe at least claim 1 of the '634 patent.

19. On May 11, 2022, counsel for BTL sent a letter to Ms. Coleman and Dream Body alleging that, *inter alia*, their use, promotion, and sale of Ms. Coleman's and Dream Body's DREAMSCULPT devices infringed BTL's patent rights.

20. On June 10, 2022, Dream Body responded through counsel and represented that, *inter alia*, it "was in the process of preparing to offer classes in relation to the HIEMTPRO [EMS] device" but that it "agreed to discontinue use of the HIEMTPRO device." Dream Body stated that with these representations it considered the matter closed.

21. However, BTL recently learned that Defendants are continuing to promote, sell, offer to sell, and/or import Accused Devices and provide related courses for on how to operate Accused Devices that Defendants promised to discontinue.

22. For example, on March 1, 2023, Defendants posted on Instagram an advertisement for $700 off an "EMS muscle build machine" which they promoted as providing "electromagnetic muscle stimulation" for "16% increase in muscle mass" and "19% fat reduction." *See,* Exhibit G, attached hereto. Upon information and belief, no clinical studies have been performed on the Accused Devices. Defendants' muscle and fat claims are derived from published clinical study results for BTL's EMSCULPT device. The same device advertisement is also listed at on a website titled "The Body Shapers Academy and Machines" which is operated by the Defendants.[3]

23. On May 16, 2023, Defendants again advertised and offered for sale an Accused Device as part of a class: "Enroll Today! Trainings and Machines Offered." *See,* Exhibit I, attached hereto. Defendants' Body Shapers Academy and Machines website promotes the same device. *See* Exhibit H.

---

[3] www.thebodyshapersmachines.com (last accessed October 19, 2023). A PDF copy of the content available at this linked website as of the date last accessed is attached hereto as Exhibit H.

24. On August 22, 2023, Defendants posted a video showing the operation of one Accused Device. The video shows a belt holding two applicators to the skin of each of a patient's buttocks causing the gluteal muscles to repeatedly contract. The video describes the device as "EMS: Electromagnetic Muscle Stimulation" and "Build Muscle Burn Fat".[4]

25. On August 23, 2023, Defendants posted a video advertising services using the Accused Device at Dream Body Day Spa. Defendant Ms. Coleman describes the device as providing electromagnetic muscle stimulation on the abs or buttocks and represents that she just treated a client using the machine.[5]

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,478,634

26. BTL repeats, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

27. The '634 patent is directed towards a method for toning muscles in a patient using time-varying magnetic fields. Claim 1 of the patent recites:

> A method for toning muscles in a patient using time-varying magnetic fields, the method comprising:
> placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock;
> coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing;
> providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field; and
> applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region,

---

[4] Available at: https://www.instagram.com/reel/CwRN9ZMIbUs (last accessed October 19, 2023). Exhibit K, a copy of the video content available at this link has been submitted to the Court conventionally pursuant to local rule DUCivR 7-5.

[5] Available at: https://www.instagram.com/reel/CiwcCMqo86I/ (last accessed October 19, 2023). Exhibit L, a copy of the video content available at this link has been submitted to the Court conventionally pursuant to local rule DUCivR 7-5.

wherein the time-varying magnetic field is applied to the body region with a magnetic flux density sufficient to cause a muscle contraction in the body region.

28.  For the reasons stated in the foregoing paragraphs, the Defendants' Accused Devices meet each and every limitation of at least claim 1 of the '634 patent.

29.  The Defendants, as shown in the video identified in Paragraph 24 above[6], place a first applicator (that is a magnetic field generating coil) of the Accused Device on a patient's buttock; the first applicator is coupled to an adjustable belt to hold the first applicator to the patent's skin.

30.  Also, as shown in the video, the Accused Device then provides energy to the magnetic field generating coil to generate a time varying magnetic field.

31.  Upon information and belief, the Accused Device provides a magnetic fluence of 50 T cm$^2$ to 150 T cm$^2$ to the body wherein the magnetic flux density is sufficient to cause muscle contraction in the body region.

32.  Defendants have directly infringed, induced infringement, and continue to induce direct infringement, of at least claim 1 of the '634 patent, literally or under the doctrine of equivalents by making, using, offering to sell, selling, or importing the Accused Device in the United States and by encouraging, promoting, and instructing customers to use the Accused Device in a manner that directly infringes the '634 patent.

33.  Defendants' infringement of the '634 patent has been, and continues to be, willful. On information and belief, Defendants have been aware of the '634 patent since before the filing of this Complaint and have infringed the '634 patent willfully and deliberately and with

---

[6] *See* Exhibit K.

knowledge that such conduct violates 35 U.S.C. § 271. Defendants were aware of BTL's products for the reasons stated in the foregoing paragraphs. Furthermore, BTL marked its products with a reference to its online patent listing[7] and informed Defendants of their patent infringement by letter dated May 11, 2022.

## PRAYER FOR RELIEF

WHEREFORE BTL requests entry of judgment against the Defendants as follows:

A.  A judgment that the Defendants have infringed one or more claims of the U.S. Patent No. 10,478,634 in violation of 35 U.S.C. § 271(b)–(c);

B.  An award of damages for infringement of the '634 patent, with said damages to be trebled because of the intentional and willful nature of the Defendants' infringement, as provided by 35 U.S.C. § 284;

C.  A judgment that the Defendants have willfully infringed one or more claims of the '634 patent;

D.  A determination that this case is "exceptional" under 35 U.S. § 285 and an award of BTL's reasonable attorneys' fees;

E.  An order permanently enjoining the Defendants, its officers, directors, employees, agents, and all persons acting in concert with them, from selling or using the Accused Devices or infringing the '634 patent;

F.  A judgment that Defendant Ms. Coleman's conduct in violating BTL's patents was willful and malicious.

---

[7] *See* www.btlnet.com/patents (last accessed October 19, 2023). A PDF copy of the content available at this linked website as of the date last accessed is attached hereto as Exhibit J.

G.  An award of BTL's costs and expenses in this action; and

H.  For such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff BTL Industries, Inc. respectfully demands a trial by jury of any issues triable of right by a jury.

DATED this 24th day of October, 2023.

MASCHOFF BRENNAN GILMORE & ISRAELSEN

*/s/ Kirk R. Harris*
Kirk R. Harris
*Attorneys for Plaintiff*